## THE STATE v. BUTTERFIELD.

1. **Appeal:** PRACTICE: CRIMINAL CASE: TRIAL ON ABSTRACT: ABSTRACT DEFECTIVE. Where an abstract of the record is filed in this court in a criminal case, the appeal will be tried on such abstract alone, and the transcript will not be considered; and where the abstract fails to present a case disclosing errors, no reversal can be had.

2. ———: ———: RULINGS ON EVIDENCE: DEFECTIVE ABSTRACT. A reversal cannot be had on the ground that offered evidence was improperly excluded, when the abstract fails to show what the offered evidence was, or that it was material.

*Appeal from Bremer District Court*—HON. G. W. RUD-DICK, Judge.

The State v. Butterfield.

SATURDAY, OCTOBER 22.

DEFENDANT was indicted and convicted of forgery. His case is now brought here by his counsel.

*M. E. Billings*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

BECK, J.—I. This case is presented for our consideration upon a printed abstract of the record, and must be here tried thereon. Upon a proper showing we will, in criminal cases, suspend the rules requiring abstract and printing, and permit defendants to submit their cases upon the written transcript of the record. But we were not asked to do this. Where a case is submitted to us upon an abstract, either written or printed, it will be determined thereon. The defendant may choose the manner in which his case shall be presented here. When it is submitted upon an abstract, we cannot be required to determine it upon the transcript. It was not the purpose of the rules to require both the transcript and abstract to be considered, but rather that the abstract shall take the place of the transcript. The abstract in this case fails to show that it contains all the evidence submitted upon the trial, and upon the determination of a motion to quash the indictment, and it shows affirmatively that all the instructions are not presented in it. The abstract, therefore, fails to present a case disclosing errors in the rulings of the court upon the motions to quash the indictment, and to arrest judgment, and for a new trial.

*[margin note: 1. APPEAL: practice; criminal case: trial on abstract: abstract defective.]*

II. Evidence was introduced by defendant tending to prove an intention on his part to remove from the state. The witness giving this testimony was then asked to state the place to which the defendant proposed to remove. An objection to the question was sustained. The abstract fails to show the materiality of the evidence. We cannot presume that it was material, thus

*[margin note: 2. ——: ——: rulings on evidence: defective abstract.]*

presuming error in the court's ruling, but will rather presume the ruling was correct.

III. Certain questions were asked a witness for defendant by his counsel as to defendant's character since the charge THE SAME. was made for which he was indicted, and a stipulation as to the same matter was offered in evidence by defendant; but this evidence was rejected. We cannot say the rulings were erroneous, for the reason that neither the questions, the facts proposed to be proved, nor the stipulation are shown by the abstract.

The judgment of the district court is

AFFIRMED.